DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
CHRISTINE M. PARVAN, ESQ.
Nevada Bar No. 10711
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:     (702) 634-5000
Facsimile:      (702) 380-8572
Email: darren.brenner@akerman.com
Email: christine.parvan@akerman.com

*Attorneys for Bank of America, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PHILIPPE LAURENT, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., MTC FINANCIAL INC., DBA TRUSTEE CORPS, and DOES 1 – 100, inclusive<br><br>            Defendants. | Case No.: 2:14-cv-00863-JCM-GWF<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Bank of America, N.A. answers Plaintiff's Complaint as follows:

## **I. THE PARTIES**

1.      Defendant is without sufficient information to admit or deny the allegations of paragraph 1 and therefore denies the same.

2.      Defendant admits a Grant, Bargain and Sale Deed dated January 26, 2013 and recorded February 11, 2013 as instrument #201302110002307 purports to convey the property at issue in this lawsuit to the Plaintiff.  Defendant denies the Plaintiff's interest in the property is superior to the Defendant's interest.

3.      Defendant admits Bank of America, N.A. is a foreign entity.  Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 3 and therefore denies the same.

{29691760;1}

4.       Defendant is without sufficient information to admit or deny the allegations of paragraph 4 and therefore denies the same.

5.       The allegations of paragraph 5 relate to alleged fictitious parties and Defendant is without sufficient information to admit or deny allegations related to unknown fictitious parties, and therefore denies the same.

6.       The allegations of paragraph 6 relate to alleged fictitious parties and Defendant is without sufficient information to admit or deny allegations related to unknown fictitious parties, and therefore denies the same.

7.       The allegations of paragraph 7 relate to alleged fictitious parties and Defendant is without sufficient information to admit or deny allegations related to unknown fictitious parties, and therefore denies the same.

## II. JURISDICTION AND VENUE

8.       Defendant admits this Court has jurisdiction over this action, but denies Plaintiff has a claim under Fair Debt Collection Practices Act, and further denies Plaintiff is entitled to the relief requested.

9.       Defendant admits this Court has jurisdiction over this action, but denies the remaining allegations of paragraph 9.

10.      Defendant admits the subject property is located in Clark County, Nevada.  Defendant denies the remaining allegations of paragraph 10.

11.      Defendant admits venue is proper in this Court.  Defendant denies the remaining allegations of paragraph 11.

## III. INTRODUCTION

12.      The allegations of paragraph 12, including subparts (a) and (b), call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 12 and therefore denies them.

13.     The allegations of paragraph 13 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 13 and therefore denies them.

14.     Defendant denies the allegations of paragraph 14.

## IV. FACTUAL BACKGROUND

15.     Defendant states the Deed of Trust dated January 28, 2009 and recorded February 2, 2009 at instrument #200902020001789 speaks for itself.  Defendant denies the allegations of paragraph 15 that conflict with the recorded document.

16.     The allegations of paragraph 16 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 16.

18. [sic] The allegations of paragraph 18 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 18.

19.     Defendant states the Notice of Delinquent Assessment Lien dated September 1, 2010 and recorded September 7, 2010 at instrument #201009070002822 and the Notice of Default/Election to Sell Under Deed of Trust dated December 13, 2010 and recorded December 13, 2010 at instrument #201012130001581 speak for themselves.  Defendant denies the allegations of paragraph 19 that conflict with the recorded documents.

20.     Defendant states the Notice of Delinquent Assessment Lien dated December 28, 2011 and recorded January 3, 2012 at instrument #201201030000508 and the Notice of Default and Election to Sell Under Homeowners Association Lien dated February 21, 2012 and recorded on February 24, 2012 at instrument #201202240000840 speak for themselves.  Defendant denies the allegations of paragraph 20 that conflict with the recorded documents.

21.     Defendant admits a Notice of Foreclosure Sale, dated September 22, 2012, was recorded on September 25, 2012 as instrument #201209250001886.

22.     Defendant is without sufficient information to admit or deny the allegations of paragraph 22 and therefore denies the same.

23. Defendant admits a Foreclosure Deed, dated November 2, 2012, was recorded on November 7, 2012 at instrument #201211070001246. Defendant states the recorded document speaks for itself.

24. Defendant denies Nevada Association Services recorded with the Clark County recorder notices of sale on October 12, 19, and 25th. Defendant states the Foreclosure Deed, dated November 2, 2012 and recorded on November 7, 2012 at instrument #201211070001246 speaks for itself. Defendant denies the allegations of paragraph 24 that conflict with the recorded document.

25. Defendant denies the allegations of paragraph 25.

26. Defendant admits a Grant, Bargain and Sale Deed dated January 18, 2013 and recorded January 18, 2013 at instrument #201301180001950 purports to convey the property at issue to the Philippe G. Laurent and Perrine A. Laurent, as Trustees of the Philippe G. Laurent and Perrine A. Laurent Living Revocable Trust.

27. Defendant admits a Grant, Bargain and Sale Deed dated January 26, 2013 and recorded February 11, 2013 at instrument #201302110002307 purports to convey the property at issue to Philippe Laurent.

## V. GENERAL ALLEGATIONS

28. Defendant denies the allegations of paragraph 28.

29. The allegations of paragraph 29 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. The allegations of paragraph 31 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. The allegations of paragraph 35 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 35.

36. Defendant is without sufficient information to admit or deny the allegations of paragraph 36 and therefore denies the same.

37. The allegations of paragraph 37 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 37 and therefore denies them.

38. Defendant denies the allegations of paragraph 38.

## VI. FIRST CLAIM FOR RELIEF

39. Defendant adopts and incorporates by reference all of the preceding paragraphs as if set forth fully herein.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46. Defendant further denies that Plaintiff is entitled to the relief requested in paragraph 46.

## VII. SECOND CLAIM FOR RELIEF

47. Defendant adopts and incorporates by reference all of the preceding paragraphs as if set forth fully herein.

48. The allegations of paragraph 48 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 48 and therefore denies them.

49. The allegations of paragraph 49 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 49 and therefore denies them.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

50.     The allegations of paragraph 50 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 50 and therefore denies them.

51.     The allegations of paragraph 51 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 51 and therefore denies them.

52.     The allegations of paragraph 52 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 52 and therefore denies them.

53.     The allegations of paragraph 53 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 53 and therefore denies them.

54.     The allegations of paragraph 54 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 54 and therefore denies them.

55.     The allegations of paragraph 55 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 55 and therefore denies them.

56.     The allegations of paragraph 56 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 56 and therefore denies them.

57.     The allegations of paragraph 57 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 57 and therefore denies them.

58.     The allegations of paragraph 58 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 58 and therefore denies them.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

59.     The allegations of paragraph 59 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 59 and therefore denies them.

60.     The allegations of paragraph 60 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 60 and therefore denies them.

61.     The allegations of paragraph 61 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 61 and therefore denies them.

62.     The allegations of paragraph 62 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 62 and therefore denies them.

63.     The allegations of paragraph 63 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 63 and therefore denies them.

64.     The allegations of paragraph 64 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the HOA's non-judicial foreclosure sale was valid and further denies Plaintiff's interest in the subject property is superior to Defendant's interest in the property.

## VIII. THIRD CLAIM FOR RELIEF

65.     Defendant adopts and incorporates by reference all of the preceding paragraphs as if set forth fully herein.

66.     Defendant denies the allegations of paragraph 66.

67.     Defendant denies the allegations of paragraph 67.

## IX. FOURTH CLAIM OF RELIEF

68.     Defendant adopts and incorporates by reference all of the preceding paragraphs as if set forth fully herein.

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

69.     The allegations of paragraph 69 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations of paragraph 69 and therefore denies them.

70.     Defendant denies the allegations of paragraph 70. Defendant specifically denies Defendant's interest in the property was extinguished by the HOA non-foreclosure sale.

71.     Defendant denies Plaintiff is entitled to the relief requested.

72.     Defendant denies the allegations of paragraph 72. Defendant specifically denies Defendant's interest in the property was extinguished by the HOA non-foreclosure sale.

73.     Defendant denies Plaintiff is entitled to the relief requested. Defendant specifically denies Defendant's interest in the property was extinguished by the HOA non-foreclosure sale.

74.     Defendant denies Plaintiff is entitled to the relief requested.

## X. FIFTH CLAIM OF RELIEF

77.     Defendant adopts and incorporates by reference all of the preceding paragraphs as if set forth fully herein.

78.     Defendant denies the allegations of paragraph 78.

79.     Defendant denies the allegations of paragraph 79.

80.     Defendant denies the allegations of paragraph 80.

## REQUEST FOR RELIEF

1.     Defendant denies Plaintiff is entitled to the relief sought in paragraph 1 of the Request for Relief.

2.     Defendant denies Plaintiff is entitled to the relief sought in paragraph 2 of the Request for Relief.

3.     Defendant denies Plaintiff is entitled to the relief sought in paragraph 3 of the Request for Relief.

4.     Defendant denies Plaintiff is entitled to the relief sought in paragraph 4 of the Request for Relief.

5.     Defendant denies Plaintiff is entitled to the relief sought in paragraph 5 of the Request for Relief.

{29691760;1}                                              8

1    6.    Defendant denies Plaintiff is entitled to the relief sought in paragraph 6 of the Request for Relief.

2

3    7.    Defendant denies Plaintiff is entitled to the relief sought in paragraph 7 of the Request for Relief.

4

5    8.    Defendant denies Plaintiff is entitled to the relief sought in paragraph 8 of the Request for Relief.

6

7    9.    Defendant denies Plaintiff is entitled to the relief sought in paragraph 9 of the Request for Relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following additional defenses. Discovery and investigation of this case is not yet complete, and Defendant reserves the right to amend this Answer by adding, deleting, or amending defenses as may be appropriate. In further answer to the Complaint, and by way of additional defenses, the Defendant avers as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state facts sufficient to constitute any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Void for Vagueness)

To the extent that Plaintiff's interpretation of NRS 116.3116 is accurate, the statute, and Chapter 116, are void for vagueness as applied to this matter.

### THIRD AFFIRMATIVE DEFENSE
### (Due Process Violations)

A senior deed of trust beneficiary cannot be deprived of its property interest in violation of the Procedural Due Process Clause of the 14 Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

{29691760;1}         9

### FOURTH AFFIRMATIVE DEFENSE
**(Assumption of Risk)**

Plaintiff, at all material times, calculated, knew and understood the risks inherent in the situations, actions, omissions and transactions upon which it now bases its various claims for relief, and with such knowledge, Plaintiff undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.

### FIFTH AFFIRMATIVE DEFENSE
**(Violation of Procedural Due Process)**

The super-priority lien was satisfied prior to the homeowner's association foreclosure under the doctrines of tender, estoppel, laches, or waiver.

### SIXTH AFFIRMATIVE DEFENSE
**(Commercial Reasonableness and Violation of Good Faith)**

The homeowner's association foreclosure sale was not commercially reasonable, and the circumstances of sale of the property violated the homeowner's association's obligation of good faith and duty to act in a commercially reasonable manner.

### SEVENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred in whole or in part because of its failure to take reasonable steps to mitigate its damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE
**(Third Party Fault)**

The damages complained of, if there were any, were proximately contributed to or caused by the carelessness, negligence, fault or defects resulting from acts/omissions of other persons unknown to Defendant at this time, and were not caused in any way by Defendant or by persons for whom Defendant is legally responsible.

### NINTH AFFIRMATIVE DEFENSE
**(Reduction of Damages Based on Third Party Fault)**

Defendant is entitled to have any award against it reduced or eliminated to the extent that the negligence, carelessness, or defect resulted from the acts/omissions or comparative fault of other persons that contributed to Plaintiff's damages, if any.

**TENTH AFFIRMATIVE DEFENSE**
**(Additional Affirmative Defenses)**

Pursuant to NRCP 11, Defendant reserves the right to assert additional affirmative defenses in the event discovery and/or investigation disclose the existence of other affirmative defenses.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Standing)**

The Plaintiff lacks standing to bring some or all of their claims and causes of action.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

Some or all of Plaintiff's claims and causes of action are barred by the statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Defendant avers the affirmative defense of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Plaintiff is Not Entitled to Relief)**

Defendant denies that the Plaintiff is entitled to any relief for which it prays.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Do Equity)**

Defendant avers the affirmative defense of failure to do equity.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Plaintiff is not a Bona Fide Purchaser for Value)**

Plaintiff purchased the property with record notice of the interest of the senior deed of trust recorded against the property.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Provide Notice)**

Defendant was not provided proper notice of the "superpriority" assessment amounts and the homeowner's association foreclosure sale, and any such notice provided to Defendant failed to

comply with the statutory and common law requirements of Nevada and with state and federal constitutional law.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the following:

1. That Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by way of its Complaint;

2. For attorney's fees and costs of defending this action; and

3. For such other and further relief as this Court deems just and proper.

DATED: October 10, 2014.

s/ Christine M. Parvan
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
CHRISTINA PARVAN, ESQ.
Nevada Bar No. 10711
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
*Attorneys for Defendant Bank of America, N.A.*

{29691760;1}

12

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October, 2014 and pursuant to FRCP 5(b), I served through the electronic filing system and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **DEFENDANT BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**, postage prepaid and addressed to:

Philippe Laurent
9508 Bluff Ledge Avenue
Las Vegas, NV  89149

*Plaintiff Pro Se*

/s/ Mary Kay Carlton
An employee of AKERMAN LLP

**AKERMAN LLP**
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{29691760;1}

13