UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIPPE LAURENT,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                    Defendant(s). | Case No. 2:14-CV-863 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Bank of America, N.A.'s motion for summary judgment. (ECF No. 21). *Pro se* plaintiff Philippe Laurent has not filed a response.

### I.   Introduction

Plaintiff filed a complaint against defendant on June 3, 2014, alleging five claims for relief regarding defendant's foreclosure of real property, at 9508 Bluff Ledge Ave., Las Vegas, Nevada, that allegedly belonged to plaintiff: (1) violation of the Federal Debt Collection Practices Act ("FDCPA"); (2) violation of Nevada Revised Statute 116.3116(2); (3) negligence; (4) declaratory judgment to quiet title; and (5) intentional infliction of emotional distress. (ECF No. 1).

Defendant now argues in its uncontested motion for summary judgment that neither plaintiff nor it still have an interest in the real property at issue. (ECF No. 21). Specifically, defendant asserts that "[o]n June 1, 2015, plaintiff recorded a deed transferring his interest in the property to Proper Investments" and that defendant similarly "assigned its interest in the [p]roperty to [Carrington Mortgage Services, LLC] in September 2014." (*Id.* at 2–4).

### II.   Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate

**James C. Mahan**
**U.S. District Judge**

and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III. Discussion

Here, defendant is the moving party, and plaintiff has not filed any opposition to the present motion. *See* (ECF No. 21). A failure to oppose a motion for summary judgment is not dispositive. *See* LR 7-2(d). But "[i]f a party fails to properly support an assertion of fact or fails to properly

James C. Mahan
U.S. District Judge

- 2 -

address another party's assertion of fact," then a district court may exercise its authority to "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e); *see also Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

    a. *Plaintiff's second, third, fourth, and fifth claims of relief*

Defendant has filed a copy of the quitclaim deed wherein plaintiff transferred his interest in the real estate to Prosper Investments, LLC. (ECF No. 21 at 41–43). Defendant has asserted no evidence contesting the inference that he currently has no possible interest in the real property that serves as a foundation of this case. *See Celotex Corp.*, 477 U.S. at 323–24; *see also* Fed. R. Civ. P. 56(e). Therefore, plaintiff's claims are at risk of being moot.

"In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Pub. Utilities Comm'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1458 (9th Cir. 1996) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal quotations omitted). A court must not rule on moot legal questions so "to avoid advisory opinions on abstract propositions of law." *In re Universal Farming Indus.*, 873 F.2d 1332, 1333 (9th Cir. 1989) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)). Moreover, "[a] federal court cannot issue a declaratory judgment if a claim has become moot." *Pub. Utilities Comm'n of State of Cal.*, 100 F.3d at 1459.

Plaintiff's second claim of relief addresses whether "[p]laintiff owns the property free and clear," discussing a home owners' association's foreclosure sale of the relevant real property. (ECF No. 1 at 13). His third claim of relief similarly alleges that defendant was negligent in its recordkeeping in relation to defendant's "attempt[] to foreclose on Plaintiff's . . . property when Defendants do not have the legal authority to do so." (*Id.* at 13). Plaintiff's fourth claim of relief asks the court to provide declaratory relief establishing him as the legal owner of the real property at issue. (*Id.*). Finally, plaintiff's fifth claim of relief seems to allege intentional infliction of emotional distress as a result of defendant's supposedly baseless attempt to obtain the disputed real property. (*Id.*).

These allegations hinge on this court's determination that plaintiff was the rightful owner of the property. *See* (*id.*). Yet defendant provides uncontested evidence that plaintiff has

**James C. Mahan**
**U.S. District Judge**

- 3 -

unequivocally relinquished any claimed right in the property.[1]  (ECF No. 21).  Furthermore, the traditional exceptions to mootness do not apply in this case.  *See, e.g.*, *Pub. Utilities Comm'n of State of Cal.*, 100 F.3d at 1451.  Therefore, this court finds that these claims have become moot and will not adjudicate them.

  b. *Plaintiff's first claim of relief*

Plaintiff also alleges that defendant has violated 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g(b).  (ECF No. 1).  Section 1692d reads: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  Section 1692f generally prohibits "[a] debt collector['s] . . . use [of] unfair or unconscionable means to collect or attempt to collect any debt."  Further, § 1692f(1) specifically details impermissible conduct such as "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."[2]  Next, Plaintiff's allegations under § 1962g(b) involve defendant's "fail[ure] to cease collection of an alleged debt, and not providing proper verification of the alleged debt to Plaintiff."  (ECF No. 1); *see also* 15 U.S.C. § 1962g(b).

Regarding § 1692e, plaintiff specifically alleges that defendant, again as a debt collector, has violated §§ 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10), which respectively prohibit: (1) "The false representation of . . . the character, amount, or legal status of any debt"; (2) "The threat to take any action that cannot legally be taken or that is not intended to be taken"; (3) "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"; and (4) "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

"The FDCPA imposes liability only when an entity is attempting to collect debt. For the purposes of the FDCPA, the word 'debt' is synonymous with 'money.' Thus, [defendant] would only be liable if it attempted to collect money from [plaintiff]." *Ho v. ReconTrust Co., NA*, 840

---

[1] Plaintiff's claims do not involve any issue of chain of title subsequent to his sale.

[2] Plaintiff makes two separate allegations under § 1692f: (1) allegations of liability "for attempting to collect fees, interest, and expenses . . . that are not authorized by any agreement or permitted by law, in violation of 1692f(1)"; and (2) a more general allegation in paragraph 45 of the complaint under § 1692f.  (ECF No. 1 at 8).

**James C. Mahan**
**U.S. District Judge**

F.3d 618, 621 (9th Cir. 2016) (citations omitted) (holding that a trustee of a California deed of trust is not a "debt collector" under the FDCPA). In the FDCPA context, the protection of an interest in real property is not the same as collecting a debt. *See id.* at 620–22.

Here, defendant indicates that, prior to its transfer of interest in the property, it was the holder of a deed of trust for the underlying real property in this case. (ECF No. 21). Plaintiff's complaint makes no mention of any money payments requested by defendants except for a lone allegation that defendant "attempt[ed] to collect fees, interest, and expenses from Plaintiff." (ECF No. 1 at 8). This lone, cursory mention of a request for money is unsupported by any other alleged fact in the complaint, which involves the parties' interest in a parcel of real estate. *See* (*id.*).

Thus, defendant is not a "debt collector" as the Ninth Circuit has interpreted that term in the FDCPA. *See* 15 U.S.C. § 1692a; *Ho*, 840 F.3d at 620–21. Plaintiff's first claim for relief therefore fails.

**IV.   Conclusion**

Defendant's evidence of plaintiff's transfer of his interest in the disputed real property, if any such interest existed, warrants the granting of its motion for summary judgment as it pertains to plaintiff's second, third, fourth, and fifth claims of relief for mootness. Further, plaintiff's first claim will be dismissed because the FDCPA does not apply in this case.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (ECF No. 21), be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED January 5, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -